UZZI O. RAANAN (State Bar No. 162747)
uraanan@DanningGill.com
MICHAEL G. D'ALBA (State Bar No. 264403)
mdalba@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff, John J. Menchaca,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JANE Z. JIN,<br><br>      Debtor. | Case No. 2:19-bk-15413-ER<br><br>Chapter 7 |
| JOHN J. MENCHACA, Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>    vs.<br><br>JIANPENG WANG, an individual,<br>a/k/a WANG JIANPENG, JIAN PENG,<br>JIAN WANG, and/or JIAN PENG WANG,<br><br>      Defendant. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT:**<br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFER;**<br>**(2) FOR DECLARATORY JUDGMENT;**<br>**(3) FOR TURNOVER; and**<br>**(4) FOR UNJUST ENRICHMENT**<br><br>Date:    See Summons<br>Time:    See Summons<br>Place:    Courtroom 1568<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |

       Plaintiff, John J. Menchaca, solely in his capacity as the Chapter 7 trustee (the "Trustee" or the "Plaintiff") of the bankruptcy estate of Jane Z. Jin (the "Debtor"), alleges as follows:

1645877.3  26952

1

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to 11 U.S.C. §§ 542, 544, 548, and 550, and other applicable law. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). This action arises in a case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") entitled In re Jane Z. Jin, which has been assigned number 2:19-bk-15413-ER and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "Bankruptcy Case"). Plaintiff consents to the entry in this action of final orders or judgment by the Bankruptcy Court.

## THE PARTIES

2. Plaintiff brings this action solely in his capacity as the Chapter 7 trustee for the Debtor's bankruptcy estate. The Debtor, in addition to "Jane Z. Jin," is also known as Jane Jin, Jane Zhuyan Jin, Zhu Yan Jin, and Zhuyan Jin.

3. Defendant Jianpeng Wang ("Wang" or the "Defendant") is an individual residing in the County of Los Angeles, State of California. Defendant is also known as Wang Jianpeng, Jian Peng, Jian Wang, and Jian Peng Wang.

## GENERAL ALLEGATIONS

4. On or about March 12, 2011, the Debtor and Wang were married.

5. The Debtor and Wang have a minor child who was born in 2011.

**Cazadero Property:**

6. By a grant deed recorded on March 27, 2013, in Los Angeles County as instrument no. 20130460334, Wang acquired title to the parcel of real property commonly known as 21504 Cazadero Place, Diamond Bar, California (the "Cazadero Property") as a "Married Man, as his sole and separate property."

7. By an interspousal transfer grant deed recorded on March 27, 2013 in Los Angeles County as instrument no. 20130460333, the Debtor granted her interest in the Cazadero Property to Wang, "a Married Man, as his sole and separate property."

8. Wang purchased the Cazadero Property for the amount of $610,000. The purchase money included, among other things, a loan in the amount of $457,000 from Wells Fargo Bank (the "Cazadero Loan"). The obligations under the Cazadero Loan are secured by a deed of trust.

9. Wang's application for the Cazadero Loan was supported by information about Wang's earned income, including his paystubs and W-2 form.

10. The payments on the Cazadero Loan were made from accounts at Wells Fargo Bank that end in 7745 (the "7745 Account") and 1707 (the "1707 Account").

11. Wang is the sole owner of the 7745 Account and the 1707 Account.

12. Plaintiff is informed and believes, and based thereon alleges, that Wang at all relevant times deposited his earned income into the 7745 Account.

13. Plaintiff is informed and believes, and based thereon alleges, that Wang at all relevant times deposited his earned income into the 1707 Account.

14. Plaintiff is informed and believes, and based thereon alleges, that payments on the Cazadero Loan at all relevant times were made from Wang's earned income and/or the Debtor's earned income.

15. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein the funds in the 7745 Account and 1707 Account were community property of the Debtor and Wang.

16. Plaintiff is informed and believes, and based thereon alleges, that all interests in real property, in businesses, in bank accounts, in financial accounts, and in property of any other kind that were obtained by the Debtor and/or Wang while married to each other were community property of the Debtor and Wang.

**Sugar Property:**

17. By a corporation grant deed recorded on June 27, 2014, in San Bernardino County as instrument no. 2014-0233230, Wang acquired title to the parcel of real property more commonly known as 15355 Sugar Cane Lane, Fontana, California (the "Sugar Property") as a "married man as his sole and separate property."

18. By an interspousal transfer grant deed recorded on June 27, 2014, in San Bernardino County as instrument no. 2014-0233229, the Debtor granted her interest in the Sugar Property to Wang, "a married man as his sole and separate property."

19. Wang purchased the Sugar Property for the amount of $441,000. The purchase money included, among other things, a loan in the approximate amount of $397,000 from Universal American Mortgage Company (the "Sugar Loan"). The obligations under the Universal Loan were secured by a deed of trust.

20. Wang's application for the Sugar Loan was supported by information about Wang's earned income.

21. The payments on the Sugar Loan from September 2014 through February 2017 were made from an account at HSBC Bank ending in 9962 (the "9962 Account").

22. The 9962 Account was owned by Wang and the Debtor.

23. Wang deposited part of his earned income into the 9962 Account.

24. After February 2017, the payments on the Sugar Loan were made from the 1707 Account.

25. By a grant deed recorded in San Bernardino County on November 20, 2020, as instrument no. 2020-0470315, Wang sold the Sugar Property to third parties.

26. Plaintiff is informed and believes, and based thereon alleges, that Wang received the net sale proceeds of the Sugar Property after payment of the Sugar Loan and costs of sale.

27. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received none of the net sale proceeds of the Sugar Property.

**Millan Stylee:**

28. Plaintiff is informed and believes, and based thereon alleges, that the Debtor at all relevant times owned 100 percent of the stock in Millan Stylee USA, Inc., a corporation organized under California law ("Millan Stylee).

29. On or about December 12, 2016, Millan Stylee borrowed the amount of $350,000, from Bank of the West (the "Bank").

30. On or about December 12, 2016, the Debtor executed a guaranty of the payment of Millan Stylee's indebtedness to the Bank.

31. Plaintiff is informed and believes, and based thereon alleges, that on or about February 16, 2018, the Bank demanded from the Debtor and Millan Stylee payment in full of Millan Stylee's indebtedness to the Bank. The amount demanded was $354,398.19.

32. On April 4, 2018, the Bank commenced an action against the Debtor and Millan Stylee in the Los Angeles County Superior Court which was assigned case no. BC700744 (the "Bank Action").

33. By the Bank Action, the Bank sought amounts owed by Millan Stylee to the Bank.

34. On June 20, 2018, the Superior Court in the Bank Action issued a right to attach order and order for issuance of a writ of attachment as to the Debtor.

35. By an order entered in the Bank Action on September 4, 2018, the Superior Court granted the Bank's motion for general reference.

36. On December 6, 2018, the Bank filed in the Bank Action an application for terminating sanctions against the Debtor and Millan Stylee or issuance of an order to show cause re contempt (the "Application for Terminating Sanctions").

37. On April 5, 2019, at 8:30 a.m., the Superior Court in the Bank Action called the Application for Terminating Sanctions for hearing. By a minute order issued on that date, the Superior Court continued the hearing to May 10, 2019, at 8:30 a.m.

38. On May 8, 2019, the Debtor and Millan Stylee each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

**Wage Action:**

39. On August 28, 2017, Ji Sun Lim commenced an action for unpaid wages against the Debtor and Millan Stylee in the Los Angeles Superior Court which was assigned case no. BC674016 (the "Wage Action").

40. The Wage Action sought, among other things, a judgment for earned wages, overtime compensation, and waiting time penalties in the amount of at least $65,000.

41. Trial in the Wage Action was scheduled to start on March 4, 2019, at 9:30 a.m.

42. A final status conference in the Wage Action was set for February 22, 2019.

43. On or about February 13, 2019, Lim, the Debtor, and Millan Stylee entered into a Stipulation re Settlement in the Wage Action (the "Wage Settlement").

44. The Wage Settlement required the Debtor and Millan Stylee to pay to Lim the total amount of $22,000, by payments of $4,400 over five months commencing on March 20, 2019.

45. Notice of the Wage Settlement was provided to the Superior Court.

46. On February 22, 2019, the Superior Court in the Wage Action entered an Order to Show Cause re: Dismissal (Settlement) and scheduled it for hearing on July 30, 2019.

47. On May 6, 2019, Lim filed in the Wage Action a Motion to Enforce Settlement Agreement and Request for Attorney Fees.

48. On May 8, 2019, the Debtor and Millan Stylee each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

**Amex Action:**

49. On March 13, 2018, American Express Bank FSC commenced an action in the Los Angeles Superior Court against the Debtor which was assigned case no. KC070116 (the "Amex Action").

50. On July 17, 2018, judgment was entered against the Debtor in the Amex Action in the amount of $42,178.65.

51. On August 23, 2018, the Superior Court in the Amex Action issued an Abstract of Judgment as to the Debtor.

52. On August 23, 2018, the Superior Court in the Amex Action issued a writ of execution as to the Debtor. Such writ was directed to the Los Angeles County Sheriff.

53. On October 31, 2018, the Superior Court in the Amex Action issued a writ of execution as to the Debtor. Such writ was directed to the Ventura County Sheriff.

**Dissolution Action:**

54. On August 20, 2018, the Debtor commenced in the Los Angeles Superior Court an action for dissolution of marriage against Wang (the "Dissolution Action").

55. The Debtor in her petition that commenced the Dissolution Action declared that there were no community or quasi-community assets to be divided.

56. On April 15, 2019, a judgment was entered in the Dissolution Action which ordered property division pursuant to a written Marital Settlement Agreement (the "Property Agreement").

57. In paragraph 26 of the Property Agreement, the Debtor and Wang "both agree[d] and recognize[d] that there [was] no community property and no community property [was] to be distributed amongst the parties."

58. The Property Agreement awarded to Wang as his separate property the Cazadero Property, the Sugar Property and any business owned by Wang, including the debts of the business.

59. The Property Agreement awarded to the Debtor as her separate property any business owned by the Debtor, including the debts of the business.

60. The Debtor in her Schedule of Assets and Debts in the Dissolution Action stated that Millan Stylee owed debts in the amount of $500,000, that it had incurred in 2018.

61. The Debtor in her Income and Expense Declaration in the Dissolution Action stated that she was paid $3,500, per year and that she estimated Wang's gross monthly income to be $35,000.

62. Under the Property Agreement, the Debtor and Wang waived spousal support and terminated the jurisdiction of the Superior Court over spousal support.

63. Under the Property Agreement, the Debtor and Wang each agreed not to receive child support for their minor child.

**Subject Transfers:**

64.    The transfers made under the Property Agreement to Wang of the entire interest in the Cazadero Property and of the entire interest in the Sugar Property are referred to herein as the "Subject Transfers."

FIRST CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer, Actual Intent under

11 U.S.C. §§ 544(b), 548(a)(1)A), and California Civil Code § 3439.04(a)(1))

65.    Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

66.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Subject Transfers to Wang with the actual intent to hinder, delay, or defraud one or more of her creditors.

67.    Pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(A), California Civil Code § 3439.04(a)(1), and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

68.    Pursuant to 11 U.S.C. § 550, Plaintiff may recover the property transferred by the Subject Transfers or the value thereof according to proof, plus interest thereon at the legal rate.

SECOND CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer, Constructive Fraud under

11 U.S.C. §§ 544(b), 548(a)(1)(B), and California Civil Code § 3439.04(a)(2)(A))

69.    Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

70.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfers.

71.    Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfers, the Debtor was engaged, or was about to engage, in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital.

72. Pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(B), California Civil Code § 3439.04(a)(2)(A), and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

73. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the property transferred by the Subject Transfers or the value thereof according to proof, plus interest thereon at the legal rate.

## THIRD CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer, Constructive Fraud under

11 U.S.C. §§ 544(b), 548(a)(1)(B), and California Civil Code § 3439.04(a)(2)(B))

74. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

75. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfers.

76. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfers the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as such debts matured.

77. Pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(B), California Civil Code § 3439.04(a)(2)(B), and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

78. Pursuant to 11 U.S.C. § 550, Plaintiff may recover the property transferred by the Subject Transfers or the value thereof according to proof, plus interest thereon at the legal rate.

## FOURTH CLAIM FOR RELIEF

(To Avoid and Recover Fraudulent Transfer, Constructive Fraud under

11 U.S.C. §§ 544(b), 548(a)(1)(B), and California Civil Code § 3439.05)

79. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

80. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than reasonably equivalent value in exchange for the Subject Transfers.

81.     Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfers the Debtor was insolvent or became insolvent as a result of the Subject Transfers.

82.     Pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(B), California Civil Code § 3439.05, and other applicable law, Plaintiff is entitled to avoid the Subject Transfers.

83.     Pursuant to 11 U.S.C. § 550, Plaintiff may recover the property transferred by the Subject Transfers or the value thereof according to proof, plus interest thereon at the legal rate.

## FIFTH CLAIM FOR RELIEF

(For Declaratory Judgment as to Cazadero Property)

84.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

85.     An actual controversy exists in that the Plaintiff contends that the Cazadero Property is community property of the Debtor and Wang such that pursuant to 11 U.S.C. § 541(a)(2) the entire interest in the Cazadero Property constitutes property of the bankruptcy estate, while Wang may assert that some or all of the interest in the Cazadero Property is not community property and not property of the Debtor's bankruptcy estate.

86.     Pursuant to 11 U.S.C. § 541(a)(2) and other applicable law, Plaintiff is entitled to a judgment determining that the entire interest in the Cazadero Property is community property and property of the Debtor's bankruptcy estate.

## SIXTH CLAIM FOR RELIEF

(For Turnover of the Cazadero Property)

87.     Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

88.     The Cazadero Property constitutes property that the Trustee may use, sell or lease under 11 U.S.C. § 363.

89.     Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by Wang of the Cazadero Property.

## SEVENTH CLAIM FOR RELIEF

(For Declaratory Judgment as to Net Sale Proceeds of Sugar Property)

90. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

91. An actual controversy exists in that the Plaintiff contends that the net sale proceeds of the Sugar Property are community property of the Debtor and Wang, such that pursuant to 11 U.S.C. § 541(a)(2) the entire interest in such proceeds constitutes property of the bankruptcy estate, while Wang may assert that some or all of the interest in such proceeds is not community property and not property of the Debtor's bankruptcy estate.

92. Pursuant to 11 U.S.C. § 541(a)(2) and other applicable law, Plaintiff is entitled to a judgment determining that the entire interest in the net sale proceeds of the Sugar Property is community property and property of the Debtor's bankruptcy estate.

## EIGHTH CLAIM FOR RELIEF

(For Turnover of Net Sale Proceeds of Sugar Property)

93. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

94. The net sale proceeds of the Sugar Property constitute property that the Trustee may use, sell or lease under 11 U.S.C. § 363.

95. Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by Wang of the net sale proceeds of the Sugar Property.

## NINTH CLAIM FOR RELIEF

(For Unjust Enrichment)

96. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 64, inclusive, hereof as though fully set forth herein.

97. As a result of the Subject Transfers, Wang received a benefit and unjustly retained that benefit at the expense of the Debtor's unsecured creditors, in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF, AND EACH OF THEM:

1. For judgment in favor of Plaintiff and against Wang avoiding the Subject Transfers.

2. Awarding in favor of Plaintiff and against Wang the property that was transferred by the Subject Transfers or the value of such property according to proof; and

3. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the Subject Transfers.

ON THE FIFTH CLAIM FOR RELIEF

1. For a declaratory judgment that the Cazadero Property is the community property of the Debtor and Wang, and hence that the entire interest in the Cazadero Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2).

ON THE SIXTH CLAIM FOR RELIEF

1. That the Court order Wang to turn over the Cazadero Property or the value thereof to the Trustee.

ON THE SEVENTH CLAIM FOR RELIEF

1. For a declaratory judgment that the net sale proceeds of the Sugar Property are the community property of the Debtor and Wang, and hence that the entire interest in such proceeds is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(2).

ON THE EIGHTH CLAIM FOR RELIEF

1. That the Court order Wang to turn over the net sale proceeds of the Sugar Property to the Trustee.

ON THE NINTH CLAIM FOR RELIEF

1. For damages in a sum to be proven at trial; and

2. For interest thereon from the date of the Subject Transfers.

ON EACH AND ALL OF THE CLAIMS FOR RELIEF

1. For costs incurred; and

2. For such other relief as the Court deems just and proper.

DATED: April 14, 2021                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: *[signature]*
MICHAEL G. D'ALBA
Attorneys for John J. Menchaca, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JOHN J. MENCHACA, Chapter 7 Trustee | **DEFENDANTS**<br>JIANPENG WANG, an individual,<br>a/k/a WANG JIANPENG, JIAN PENG,<br>JIAN WANG, and/or JIAN PENG WANG |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067<br>310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoid transfers made under division of property approved in Superior Court, pursuant to 11 U.S.C. Sections 544 and 548. Recover property transferred under such division, or its value, pursuant to 11 U.S.C. Section 550. Obtain declaratory judgment under 28 U.S.C. Section 2201 that entire interest in transferred property constitutes property of bankruptcy estate under 11 U.S.C. Section 541. Require turnover of property pursuant to 11 U.S.C. Section 542.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[3] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[4] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[2] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ $1,000,000.00 |
| Other Relief Sought<br>Unjust enrichment | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR  JANE Z. JIN || BANKRUPTCY CASE NO. 2:19-bk-15413-ER ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA || DIVISION OFFICE<br>LOS ANGELES DIVISION | NAME OF JUDGE<br>ERNEST M. ROBLES |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Michael G. D'Alba* ||||
| DATE<br>April 14, 2021 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MICHAEL G. D'ALBA |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.